# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**SCOTTY WHITE,**
**Claimant Below, Petitioner**

**vs.)    No. 19-0969** (BOR Appeal No. 2054123)
                          (Claim No. 2019007265)

**BLACKHAWK MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Scotty White, by Counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Blackhawk Mining, LLC, by Counsel Sean Harter, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on July 27, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 13, 2019, Order. The Order was affirmed by the Board of Review on September 24, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. White, a coal miner, completed an Employees' and Physicians' Report of Injury on June 4, 2018, alleging injuries to his head, neck, and back when he ran over a rock while driving a buggy that day and was thrown into the canopy. The diagnoses were listed as head contusion and myofascial strain. Lumbar x-rays taken the day of the incident showed minor multilevel spondylosis but no acute findings. Thoracic x-rays showed minor spondylosis but no acute findings. A cervical CT scan and a head CT scan showed no acute findings.

An Incident Investigation Report was completed on June 4, 2018, and indicates Mr. White was driving a buggy and ran over a rock. Witnesses stated that Mr. White exited the buggy and moved a rock out of the road. He initially stated he was ok, but his pain increased. The conditions that day were dry and clear. It was noted that an investigation showed that the load end of the shuttle car tire ran over the rock and that the rock was offside of the shuttle car. It was noted that Mr. White had been involved in four incidents of hitting ruts or rocks in the previous two years. Further, Mr. White had been involved in thirteen incidents since March 7, 2016. Seven of the incidents were lost time accidents. On May 31, 2018, employees were informed of a change to the absenteeism policy that was going into effect on June 4, 2018. During the meeting, Mr. White became upset and stated that he was filing a grievance about the new policy. Mr. White filed the grievance on June 1, 2018.

A June 4, 2018, report from Boone County Ambulance Authority indicates Mr. White was transported in an ambulance after a workplace injury. Mr. White was sitting up wearing a cervical collar when emergency personnel arrived and refused long board immobilization. Mr. White reported striking his head on the canopy of a buggy after running over a rock. Mr. White's hard hat was not damaged. He reported head, neck, and back pain. Mr. White was transported to Boone Memorial Hospital where he was diagnosed with lumbar strain, head contusion, acute myofascial train, myofascial pain syndrome, cervical strain, and thoracic strain.

The employer completed a Report of Injury on June 5, 2018, stating that it had reason to question the injury. A June 13, 2018, Injured Employee's Report indicates Mr. White was injured when he ran over a large rock and hit the top of the canopy on June 4, 2018. It was noted that the

accident was reported when it happened and that Mr. White's supervisor, Doug Lamb, witnessed the injury. Daniel Moore and Steve Elswick also witnessed the injury.

Mr. White has a long history of head, neck, and back pain. On February 3, 2006, he was treated at Boone Memorial Hospital for headaches occurring three times a week. Mr. White sought treatment from Ira Morris, M.D., on February 17, 2014, for recurrent back and hip pain. He was diagnosed with sciatica. Lumbar x-rays showed degenerative disc disease on September 9, 2014. On October 1, 2014, a lumbar MRI showed multilevel degenerative disc disease with herniations at L4-5 and L5-S1. It also showed congenital central canal stenosis at L4-5 and mild foraminal encroachments.

On July 1, 2016, a treatment note from Boone Memorial Hospital Physical Therapy indicates Mr. White was seen for cervical, thoracic, and lumbar strains. Mr. White returned to Dr. Morris on May 1, 2017, for worsening, chronic lumbar spine pathology with right side burning in the lower back. He was diagnosed with sciatica. Mr. White was again seen on October 2, 2017, and reported dizziness and headaches. Lumbar spine x-rays were performed on November 17, 2017, for history of a traumatic injury in the form of a fall. The results showed no acute injury and moderate to severe degenerative changes at multiple levels. In a treatment note, Dr. Morris administered an injection for an exacerbation of severe lumbosacral pain on December 11, 2017. On February 7, 2018, Mr. White was again treated for recurrent lumbosacral pain. He reported radiation into the right leg.

In a March 21, 2018, Independent Medical Evaluation, Prasadarao Mukkamala, M.D., evaluated Mr. White for a February 26, 2018, low back injury. Dr. Mukkamala diagnosed nonspecific back pain due to preexisting degenerative spondylosis. He found that there was no credible medical evidence that Mr. White sustained an acute injury on February 26, 2018. Dr. Mukkamala stated that there was no reason for Mr. White to miss work.

Dr. Morris treated Mr. White for exacerbation of severe lumbosacral pain on April 27, 2018. On May 15, 2018, Mr. White reported increased lumbosacral pain with radiation into the right leg. Mr. White stated that the pain had reduced his ability to perform his work duties. Dr. Morris stated that she was concerned that Mr. White would not be able to continue working if he was not properly treated.

Mr. White sought treatment for his June 4, 2018, compensable injury from Joby Joseph, M.D. Dr. Joseph noted on July 10, 2018, that Mr. White was seen for headaches and dizziness after he struck his head at work. Mr. White reported that the force of the strike broke the liner of his hardhat. It was noted that Mr. White had a history of back pain and had not worked since June 4, 2018. Dr. Joseph diagnosed traumatic brain injury, headache, dizziness, blurred vision, and post-trauma syndrome. Dr. Joseph noted that Mr. White had a normal neurological examination.

In a July 17, 2018, Independent Medical Evaluation, Syam Stoll, M.D., noted that Mr. White reported that he struck his head at work while driving a buggy and the force broke both the hardhat and its liner. Dr. Stoll found indications of symptom magnification and fabrication. He found that the ambulance report indicates Mr. White's hardhat was undamaged. Dr. Stoll noted

that Mr. White had a history of chronic back pain. Dr. Stoll found no specific injury caused by the June 4, 2015, incident and opined that Mr. White's ongoing complaints are the result of preexisting spondylosis.

Mr. White was seen by Richard Knapp, M.D. on July 24, 2018. It was noted that Mr. White's lower back pain had improved but he had not returned to work. Mr. White was diagnosed with cervical sprain, thoracic sprain, and head contusion. A work excuse was provided indicating Mr. White should remain off of work until his August 7, 2018, Independent Medical Evaluation. The claims administrator rejected the claim on July 27, 2018.

Mr. White testified in a December 11, 2018, deposition that on the day of the accident, he was driving a buggy and ran over a rock. Mr. White was slammed into the canopy of the buggy. Mr. White stated that his hard hat came off of his head, but it was not broken. Mr. White tried to continue working but his head and neck pain quickly became severe. Mr. White was transported to the hospital via ambulance. Mr. White testified that the accident caused pain in his head, neck, and lower back. Mr. White asserted that when he saw Dr. Stoll, he misunderstood a lot of the things that Dr. Stoll said. Mr. White stated that Dr. Stoll's report contains several misstatements. Mr. White returned to work on August 1, 2018. Mr. White reported that he had lower back pain that began in October of 2014. He also injured his lower back, neck, and head in 2016 when he hit a hole while driving a buggy and struck the canopy of the buggy. Finally, Mr. White testified that he injured his lower back on February 26, 2018, and was off work for the injury.

The Office of Judges affirmed the claims administrator's rejection of the claim in its March 13, 2019, Order. It found that the denial of the claim was based on the report of Dr. Stoll. Dr. Stoll found that there was evidence of symptoms magnification. He also found that Mr. White's account of the June 4, 2018, incident differed from witnesses' statements. Mr. White reported to Dr. Stoll that the injury broke his hardhat but medics on the scene noted that Mr. White's hardhat was undamaged. Mr. White asserted in his deposition that he mistakenly thought the liner was broken, but it was merely stretched out. The Office of Judges found Dr. Stoll's findings to be persuasive. He concluded that there was no objective medical evidence to support an injury and a review of the incident report does not support the alleged mechanism of injury. Dr. Stoll stated that Mr. White's history and physical examination indicate his ongoing symptoms are the result of preexisting underlying lumbar spondylosis. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 24, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1, employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Mr. White has failed to show that he sustained a compensable injury. A preponderance of the evidence supports Dr. Stoll's findings. Medical records clearly show that Mr. White's symptoms preexisted the compensable injury. Further, there are inconsistencies in Mr. White's account of the mechanism of injury, and witness statements do not support Mr. White's assertions.

Affirmed.

**ISSUED: September 22, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton